**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
*By jpayton at 3:56 pm, Mar 07, 2016*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number 11-10218 |
| THOMAS J. MCFARLAND | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

**OPINION AND ORDER**

Thomas J. McFarland ("Debtor") filed a "Motion to Reconsider and Rescind Orders Compelling the Turnover of Assets, Docket No. 271 and Docket No. 351." ("Motion for Reconsideration"). Dckt. No. 356. This Opinion and Order considers the Motion for Reconsideration of this Court's Order Compelling Turnover of Assets entered November 22, 2013 ("2013 Turnover Order"). Dckt. Nos. 271.[1] This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E) and (O), and this Court has jurisdiction pursuant to 28 U.S.C. §1334. For the reasons discussed below, Debtor's motion is DENIED.

**FINDINGS OF FACT**

The 2013 Turnover Order involves two American General Life

[1] The Motion for Reconsideration also seeks redress regarding another order entered at Dckt. No. 351 which is addressed in a separate order.

Insurance ("AGI") policies, policy numbers XXX373 and XXX343 ("AGI 2013 Policies"). To date, Debtor has amended his exemptions six times, and the Trustee has filed numerous objections to Debtor's claim of exemptions. Dckt. Nos. 10, 47, 126, 141, 256, and 353. Prior to the entry of the 2013 Turnover Order this Court entered an order denying Debtor's claim of exemptions in a different AGI insurance policy, policy number XXX922 ("AGI Policy 922"). Dckt. No. 202. Debtor appealed the order addressing AGI Policy 922 prior to the November 15, 2013 hearing on the AGI 2013 Policies. Dckt. No. 255.

The 2013 hearing was held November 15, 2013 and addressed two matters regarding the AGI 2013 Policies. The first motion addressed the Trustee's objection to Debtor's claim of exemption to the AGI 2013 Policies. Dckt. No. 257. The second motion addressed the Trustee's motion for turnover of the AGI 2013 Policies. Dckt. No. 242. At the 2013 hearing, the parties acknowledged a final order from the appellate courts as to AGI Policy 922 would control Debtor's arguments to exempt the AGI 2013 Policies. As a result, the parties agreed the enforcement of the 2013 Turnover Order would be stayed pending the resolution of the appeal. Dckt. Nos. 271 and



AO 72A
(Rev. 8/82)

272.[2]

> The settlement announcement follows:
>
> [Trustee] Yes, Your Honor. I think we can hopefully dispose of some of these fairly quickly.
>
> The first one is the motion to compel turnover [of] assets; two life insurance policies, policy number [XXX]373 ... and policy number [XXX]343
>
> .
>
> .
>
> .
>
> .
>
> [Debtor's Counsel]: Your Honor, Mr. [Trustee] and I have discussed that, or discussed it via e-mail I guess more accurately, in the last 48 hours and we agree that the Court's ruling as to the non-bankruptcy claim of exemption would be the same for these polices [sic] as for the additional policy and there is no need to rehash that.
>
> The prior order is on appeal and I think we both concede that there is likely no need to have to have yet another order that would then be appealed. So what Mr. [Trustee] proposed, and I am agreeable to, is fashioning an order whereby these are ruled non-exempt on the same basis the Court had previously found, and that the policies would simply remain in place, not be turned over or liquidated at this time, pending the resolution of the appeal as to the other ruling, and with the agreement that the decision as to that ruling would apply to these policies as well with the caveat that in the

---

[2] In the event this Court's prior order was reversed the Trustee also reserved the right to object to Debtor's claimed exemptions as to the AGI 2013 Policies because of Debtor's failure to disclose the policies. Dckt. Nos. 271 and 272.



AO 72A
(Rev. 8/82)

> event they are determined to be exempt Mr. [Trustee] would preserve his issues or the objections to the exhibits as based upon the late production, but that may be a moot issue depending on the issue on appeal, so we would enter a consent order providing for that and providing for requiring that the Debtor would continue the allotments for these polices and provide the statements to the Trustee to his satisfaction so that he is aware that those payments are continuing.
>
> THE COURT: All right.
>
> [Trustee]: That is correct, Your Honor.
>
> .
> .
> .
> .
>
> [Trustee]: I will work on that, Your Honor, and I will get that order. And that order will include the turnover and will take care also of the issues regarding the objection to exemptions.

Dckt. No. 318, Partial Tr., Hr'g held Nov. 15, 2013, 5:25, 6:1-25, 8:23-25, and 9:1.

Before and after the 2013 hearing, the Trustee and Debtor's counsel exchanged numerous emails generally discussing the settlement. Hr'g held Dec. 4, 2015, Trustee's Ex. 5. Three days after the hearing, the Trustee's last email to Debtor's counsel states "please find the attached orders and let me know if they are acceptable to you." Id. An hour later, Debtor's counsel responds he has "no objection to either of the orders. Please feel free to submit them with my electronic signatures." Id. The parties



AO 72A
(Rev. 8/82)

acknowledge neither can produce copies of the attachments to the 2013 emails.[3]

The next day, the Trustee filed two purported consent orders with the Clerk's Office. A Notice of Electronic Filing was served on Debtor's counsel when the proposed orders were filed with the Court and attached to the original filing. Dckt. Nos. 242 and 257. Upon receipt of the Notice of Filing Debtor's counsel had notice of the filing and access to review the proposed orders.

The 2013 Turnover Order provides:

> **ORDER COMPELLING THE TURNOVER OF ASSETS**
>
> The motion of the Trustee, A. Stephenson Wallace, to compel the Debtor, Thomas J. McFarland, to turn over to the Trustee certain assets of the bankruptcy estate having come on for a hearing before the Court, and it appearing to the Court that the motion of the Trustee should be granted, it is
>
> HEREBY ORDERED that the Debtor, Thomas J. McFarland, shall turn over to the Trustee the following policies of life insurance issued by American General Life Insurance: policy [XXX]373 and policy [XXX]343, along with any other documents in his possession relating to the life insurance policies.

[3] The Trustee stated he cannot produce the attachments saying his email service apparently strips the "pdf" files from his email history and he does not know how to retrieve them. Dckt. No. 385, Tr. Hr'g held Dec. 4, 2015, 7-9, 39-42. Debtor's counsel also says he has been unable to find the emails on his service. Id. at 7:19-21.



AO 72A
(Rev. 8/82)

IT IS FURTHER ORDERED that the Trustee is vested with all rights of ownership in the policies listed above, including, but not limited to, the right to cash in or cancel the policies and take possession of the cash value accrued on each policy.

IT IS FURTHER ORDERED that enforcement of this order is stayed pending the outcome of the appeal filed by the Debtor of this Court's Opinion and Order entered on September 29, 2012, Docket No. 202, currently on appeal to the United States District Court, Southern District of Georgia, Augusta Division, Notice of Appeal having been filed October 11, 2013, Docket No. [255]. Should this Court's Opinion and Order of September 29, 2012 be affirmed as to the issues raised by the Debtor's appeal regarding the amount of insurance cash value exemption allowed by Georgia law, this Order Compelling Turnover of Assets shall become immediately enforceable.

Dated at Augusta, Georgia this 22nd day of November, 2013.

[Judge's actual signature]
Judge, U.S. Bankruptcy Court

Dckt. No. 271. The order also includes the following signature blocks for counsel:

PRESENTED BY:
/s/ A. Stephenson Wallace
A. STEPHENSON WALLACE
Attorney for Trustee
Georgia State Bar No. 733650

CONSENTED TO:
/s/ Todd S. Boudreaux
Attorney for Debtor Thomas J. McFarland



AO 72A
(Rev. 8/82)

Georgia State Bar No. 070023

Id. Neither counsel's physical signature is affixed to the 2013 Turnover Order.

Then, on November 22, 2013 the Court entered the two proposed consent orders, the 2013 Consent Order and the Consent Order Sustaining Trustee's Objection to the Claim of Exemptions. Dckt. Nos. 271 and 272. These executed orders were served upon Debtor's counsel through the Court's Electronic Filing system on November 22, 2013. Dckt. Nos. 275 and 276. In fact, the Court's Electronic Filing Records indicate that Debtor's counsel and his office received fourteen service copies of the 2013 Turnover Order, seven in his representative capacity as Debtor's counsel and seven in his representative capacity as Debtor's spouse's counsel. Dckt. No. 275.

In 2015, two years after the entry of the 2013 Turnover Order and after the Eleventh Circuit's final order denying Debtor's exemption arguments, the Trustee presented AGI with the 2013 Turnover Order without notifying Debtor, Debtor's counsel or any other potential beneficiary under the terms of the policies. Thereafter, AGI apparently liquidated the AGI 2013 Policies.

When Debtor's counsel discovered the AGI 2013 Policies had been liquidated, he filed this Motion for Reconsideration of the



AO 72A
(Rev. 8/82)

2013 Turnover Order. The Motion for Reconsideration was filed two years after the entry of the 2013 Turnover Order and five months after the Eleventh Circuit's final order denying Debtor's appeal. As to the AGI 2013 Policies, Debtor argues the 2013 Turnover Order should be reconsidered and rescinded because:

> 1. This Court lacked the jurisdiction to enter the 2013 Turnover Order because Debtor had appealed the Court's denial of his claim of exemption of AGI Policy 922 prior to the entry of the 2013 Turnover Order;
>
> 2. Debtor's counsel does not recall consenting to the entry of the 2013 Turnover Order and the scope of the order is too broad and has resulted in these insurance policies being terminated. Debtor contends pursuant to O.C.G.A. §44-13-100(a)(8) Debtor exempted the policies, and the Trustee, at most, is only entitled to the non-exempt cash surrender value of the policies pursuant to O.C.G.A. §44-13-100(a)(9); and
>
> 3. The 2013 Turnover Order is void because the relief provided required the filing of an adversary, and could not be resolved pursuant to a contested matter.

For the reasons set forth below, Debtor's Motion for Reconsideration and Rescission of the 2013 Turnover Order is denied.

**CONCLUSIONS OF LAW**

As an initial matter Debtor contends this Court did not have jurisdiction to enter the 2013 Turnover Order because Debtor appealed the Court's denial of his claim of exemptions as to AGI



AO 72A
(Rev. 8/82)

Policy 922 before the 2013 Turnover Order was entered. Dckt. No. 385, Tr., Hr'g held Dec. 4, 2015, 26:6-24-27:1-22. I disagree. At the December 4, 2015 hearing to consider this motion, the Court asked Debtor's counsel to file a post-hearing brief showing where the AGI 2013 Policies were on appeal when the 2013 Turnover Order was entered. Debtor failed to file a response showing where the matter was on appeal. Furthermore, a review of the record shows the AGI 2013 Policies were not the policies involved in the pending appeal when the 2013 Turnover Order was entered.

The "confusion" arises because Debtor failed to disclose numerous insurance policies when he filed his bankruptcy petition, including the AGI 2013 Policies. When the 2013 Turnover Order was entered, a previous order entered by this Court addressing a different life insurance policy was on appeal, AGI Policy 922. Dckt. No. 255. The 2013 Turnover Order addresses two different AGI policies, policies numbered XX373 and XX343. A review of the transcript from the 2013 hearing supports this conclusion. Dckt. No. 318, Tr Hr'g held Nov. 15, 2013, Ex. Nos. 1 and 2. Debtor's counsel's statements at the 2013 hearing acknowledge that the AGI 2013 Policies were not involved in the appeal, and the last paragraph of the 2013 Turnover Order supports this conclusion as it recognizes the same issue is involved with all these AGI policies



AO 72A
(Rev. 8/82)

and stayed the enforcement of the 2013 Turnover Order pending the outcome of the appeal. Dckt. No. 318, Tr Hr'g held Nov. 15, 2013, 6:2-23; Dckt. No. 271. For these reasons, Debtor's motion that the Court lacked the jurisdiction to enter the 2013 Turnover Order because of the pending appeal is denied.

**Binding Consent Order.**

Debtor's counsel states he has no recollection of consenting to the terms of the 2013 Turnover Order. He argues the order should have no effect because the Trustee is unable to tender evidence of Debtor's counsel's actual physical signature being affixed to the order. However, the Electronic Case Files ("ECF") Rules do not require obtaining actual signatures. ECF Local Rule 8 provides:

> When electronically filing documents requiring the signatures of more than one party, the filing party shall initially confirm that the content of the document is acceptable to all persons required to sign the document and shall obtain the signatures of all parties on the document. **For purposes of this rule, physical, facsimile, or electronic signatures are permitted**.

ECF Local Rule 8 (emphasis added). "Physical, facsimile, or electronic signatures are permitted." Id.

Furthermore, under the rules of this Court, Debtor's counsel had seven days after entry of the 2013 Turnover Order to



AO 72A
(Rev. 8/82)

raise an objection as to his signature, and he failed to raise an objection for two years. ECF Local Rule 8 ("A non-filing signatory or party who disputes their acceptance of the contents of the document, the authenticity of an electronically-filed document containing multiple signatures, or the authenticity of the signatures themselves must file an objection to the document within seven (7) days of receiving the Notice of Electronic Filing."). For Debtor's failure to timely object to the 2013 Turnover Order, and for the reasons discussed herein, Debtor is barred from objecting to the 2013 Turnover Order at this point.

Furthermore, considering the objection on the merits, Debtor's motion is denied. The Trustee contends he obtained Debtor counsel's consent to affix Debtor's counsel's electronic signature to the 2013 Turnover Order as evidenced by Debtor's email authorization "I have no objection to either of the orders. Please feel free to submit them with my electronic signature." Hr'g. Dec. 4, 2015, Trustee Ex. 5. The Trustee claims he duly affixed Debtor's counsel's signature and submitted them to the Court.

Debtor's counsel contends there are two major flaws with the Trustee's argument. First, the email string reflects attachments that have not been produced. At the hearing, both the Trustee and Debtor's counsel acknowledged they cannot produce the



AO 72A
(Rev. 8/82)

attachments.[4] Second, the email string does not include any discussion of the transfer of the ownership rights in these policies so there is no independent verification the 2013 Turnover Order was the order attached to the email.

Nevertheless, a review of the Court's docket reflects the Trustee submitted two consent orders the day after obtaining Debtor's counsel's consent. Dckt. Nos. 242 and 257, with Clerk's notation of file date. The emails and timing of the submission of the proposed orders all evidence Debtor's counsel's consent to the 2013 Turnover Order. Furthermore, Debtor's counsel's language at the hearing announcing the settlement acknowledges that liquidation of the policies was possible if Debtor's appeal was denied. Dckt. No. 381, Partial Tr. Hr'g held Nov. 15, 2013, 5:25; 8:23-25 and 9:1 (Debtor's counsel agreed the AGI 2013 Policies would "not be **turned over or liquidated** at this time [in 2013] pending the resolution of the appeal as to the other ruling."). All these factors support the Trustee's position that Debtor's counsel consented to the terms of the 2013 Turnover Order.

In addition, the initial motion filed by the Trustee to compel the turnover of the AGI 2013 Policies alleges Debtor is the record owner of the policies and contends the policies and their

---

[4] See n. 3, supra.



AO 72A
(Rev. 8/82)

cash values are property of the bankruptcy estate that should be liquidated for the benefit of Debtor's creditors. Dckt. No. 242. In the motion, the Trustee prays for an order requiring the turnover of the policies and an order establishing the Trustee's ownership and rights to the policies. Id. The initial proposed order submitted with the motion granted the Trustee the right to cash in or cancel the policies. Dckt. No. 242. As such, Debtor's counsel cannot now claim he was unaware of such potential consequences.

Finally, the Trustee has been a member of this bar for more than forty years and he has an outstanding professional reputation. Even in the unlikely event the Trustee mistakenly submitted the wrong order, Debtor's counsel had numerous opportunities to raise these objections especially in light of the contentious nature of these proceedings. Given these facts, an order will not be overturned two years after its entry because Debtor's counsel does not recall consenting to the terms thereto.

**Rule 60.**

Debtor's Motion for Reconsideration and Rescission of the 2013 Turnover Order fails to recite a statutory basis for the motion, but such motions are generally considered pursuant to the



AO 72A
(Rev. 8/82)

provisions Rule 60 of the Federal Rules of Civil Procedure[5] which provides:

> On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.
>
> .
> .
> .
>
> (c) Timing and Effect of the Motion.
>
> (1) Timing. A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

---

[5] Made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9024.



AO 72A
(Rev. 8/82)

> (2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

Fed. R. Civ. P. 60(b)-(c). Reconsideration of a previously entered judgment is an extraordinary remedy which should be used sparingly, and cannot be used to relitigate a case. In re Screen, 2004 WL 2201246 at *3 (Bankr. S.D. Ga. Aug. 30, 2004); 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2860, at 314 (2d ed. 1995 and Supp. 2008). Such relief is discretionary and requires the movant to establish grounds for the requested relief. In re Barr, 183 B.R. 531, 537 (Bankr. N.D. Ill. 1995). A motion for reconsideration is not a free opportunity to get a "second bite at the apple," or to introduce new evidence/new legal theories that were available at the time the initial proceeding, or to relitigate matters already decided by the court's order. In re Suggs, 354 B.R. 903, 907-08 (Bankr. W.D. Mo. 2006), rev'd on other grounds, In re Suggs, 377 B.R. 198 (B.A.P. 8th Cir. 2007). The purpose is to correct manifest errors of law or a misapplication or misunderstanding of the facts. Gougler v. Sirius Prods., Inc., 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005)("as a general rule, '[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or



AO 72A
(Rev. 8/82)

manifest injustice.'"). In this case there has been no error or manifest injustice.

When dealing with a consent order rules of contract interpretation apply. Sierra Club v. Meiburg, 296 F.3d 1021, 1029 (11th Cir. 2002). "A party seeking to modify a consent order has a high hurdle to clear and the wind in its face." Id. at 1034. In this case, there has been no mistake, inadvertence, surprise or excusable neglect. U.S. v. Eyler, 778 F. Supp. 1553, 1558 (M.D. Fla. 1991)(denying motion to reconsider consent decree where there was no evidence of fraud in the inducement, fraud in the execution, duress, mutual mistake or any other type of inequity); Sheng v. Starkey Labs., Inc., 117 F.3d 1081, 1084 (8th Cir. 1997)(settlement agreement not reconsidered where there was no mutual mistake); Brown v. Cnty. of Genesee, 872 F.2d 169 (6th Cir. 1989)(only fraud or mutual mistake justify reopening an otherwise valid settlement agreement). Rule 60(b) relief is extraordinary and where a party makes a deliberate and strategic choice to settle, he cannot be relieved of the terms of the agreement merely because the consequences are different than he anticipated. See Andrulonis v. U.S., 26 F.3d 1224, 1235 (2d Cir. 1994)(party cannot be relieved of settlement when the consequences are different than expected).

In this case, for the reasons discussed herein, Debtor has

failed to establish grounds for the relief. First, the parties intended to prevent further litigation as to the AGI 2013 Policies. Debtor's counsel stated at the hearing, "we agree that the Court's ruling as to the non-bankruptcy claim of exemption would be the same for these polices [sic] as for the additional policy and there is no need to rehash that. The prior order is on appeal and I think we both concede that there is likely no need to have to have yet another order that would then be appealed." Dckt. No. 318, Partial Tr., Hr'g held Nov. 15, 2013, 5:25, 6:1-25, 8:23-25, and 9:1. By preventing future litigation, the Court is upholding the intent and purpose of the 2013 Turnover Order. See, Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1504 (11th Cir. 1990)(stressing the importance of intent of parties when assessing res judicata of a consent order).

Furthermore, pursuant to Rule 60(c), a 60(b) motion must be made within a reasonable period of time and given these facts and circumstances I do not find Debtor's counsel's motion has been made within a reasonable period of time. Fed. R. Civ. P. 60(c)(1)(requiring motions for reconsideration to be filed within a reasonable time and those based upon Rule 60(b)(1)-(3) grounds (mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud) must be filed within 1 year; see also Days Inns Worldwide,



AO 72A
(Rev. 8/82)

Inc. v. Patel, 445 F.3d 899, 906 (6th Cir. 2006)(what constitutes a reasonable time depends on facts and circumstances of case and finding eleven months unreasonable when no reason was given for the delay). The language staying the enforcement of the 2013 Turnover Order does not automatically extend this reasonableness analysis to the entry of the Eleventh Circuit's order in June 2015,[6] but even if it did the motion has not been made within a reasonable period of time from the Eleventh Circuit's ruling. A pending appeal does not toll the time to file a motion for reconsideration. Pierce v. Kyle, 535 F. App'x 783, 785 (11th Cir. 2013)("Moreover, contrary to his assertion, his appeal to this Court did not toll the one-year limitations period, nor did his appeal result in a substantive change that would have restarted the one-year period to file a timely Rule 60(b) motion.") citing Transit Cas. Co. v. Sec. Trust Co., 441 F.2d 788, 791 (5th Cir. 1971)[7]; Stoecklin v. U.S., 1997 WL 1038210, at *3 (M.D. Fla. Nov. 7, 1997)("pendency of an appeal does not toll the time period in which a complainant has to file a Rule 60(b) motion"); Nucor Corp. v. Nebraska Public Power Dist., 999 F.2d 372, 374 (8th

---

[6] In June 2015, the Eleventh Circuit affirmed the denial of Debtor's claim of exemptions as to AGI Policy 922. In re McFarland, 790 F.3d 1182 (11th Cir. 2015).

[7] In re Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopting as binding precedent of all Fifth Circuit opinions before October 1, 1981.



AO 72A
(Rev. 8/82)

Cir. 1993)("What constitutes a "reasonable time" under Rule 60(b) is dependant on the facts of each case, and the time during which an appeal is pending is counted when determining whether a motion was filed within a reasonable time."). Given the facts and circumstances of this case, Debtor's reconsideration has not been made within a reasonable period of time.

Finally, even considering the Motion for Reconsideration on the merits, it is denied. Debtor has failed to establish any grounds for reconsideration set forth in Rule 60(b). There has been no "mistake, inadvertence, surprise, or excusable neglect." See Fed. R. Civ. P. 60(b)(1). Debtor cannot now contest that he did not realize the AGI 2013 Policies could be liquidated by the Trustee. There is no Rule 60(b)(2) newly discovered evidence. Debtor has failed to establish evidence of the existence of fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. Fed. R. Civ. P. 60(b)(3). As between the parties the consent order is not void. Fed. R. Civ. P. 60(b)(4). The terms of the 2013 Turnover Order remain equitable. Fed. R. Civ. P. 60(b)(5). Lastly, there are no other grounds justifying reconsideration of the order. Fed. R. Civ. P. 60(b)(6).

**Adversary / Contested Matter.**

Next, Debtor argues the relief provided in the 2013



AO 72A
(Rev. 8/82)

Turnover Order is void because Bankruptcy Rule 7001 requires an "adversary" be filed to provide the relief requested, and it cannot be provided through a "contested" matter. See Fed. R. Bankr. P. 7001 and 9014. Debtor contends an adversary proceeding was required to afford the non-debtor insureds/beneficiaries and the family of any such beneficiaries family with due process. Although it is undisputed that Debtor is the owner of the AGI 2013 Policies, Debtor contends Debtor's wife, son and son's family have ownership rights in the AGI 2013 Policies. Giving these facts and circumstances, I disagree with Debtor's argument that an adversary was required to provide the relief set forth in the 2013 Turnover Order with Debtor's consent.

The Federal Rules of Bankruptcy Procedure distinguish between "adversary proceedings" and "contested matters." See Fed. R. Bankr. P. 7001 and 9014. Adversaries are lawsuits commenced with the filing a complaint and the issuance of a summons. Fed. R. Bankr. P. 7001, 7003 and 7004. Adversary proceedings are enumerated under Rule 7001 and incorporate much of the Federal Rules of Civil Procedure. Fed. R. Bankr. P. 7001, Advisory Committee's Note. Rule 7001 lists ten types of matters which must be brought as adversary proceedings. Fed. R. Bankr. P. 7001. For purposes of this opinion, the focus is on Rule 7001(1) and (2) which provide:



AO 72A
(Rev. 8/82)

> An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:
>
> > (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002;
> >
> > (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d)....

Fed. R. Bankr. Proc. 7001(1)-(2).

Contested matters are not enumerated by the Bankruptcy Code, but the Advisory Committee Note to Bankruptcy Rule 9014 states "[w]henever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter." Fed. R. Bankr. P. 9014, Advisory Committee Note. "In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014(a); see also In re Fisher Island Invs., Inc., 778 F.3d 1172, 1194 (11th Cir. 2015). Contested matters are governed by a motions practice, but the "[m]otions shall be served in [contested matters] in the manner provided for service of the summons and complaint by Rule 7004."



AO 72A
(Rev. 8/82)

Fed. R. Bankr. P. 9014(b); see also General Order 2003-1 (Bankr. S.D. Ga. 2003)(all hearings are evidentiary unless noted otherwise). In addition, many of the federal civil procedure rules and rules regarding adversaries are applicable in contested matter proceedings. Fed. R. Bankr. P. 9014(c).

The 2013 Turnover Order arose out of an objection to exemptions and a motion for the Debtor to turnover property which are contested matters, not adversary proceedings. Dckt. Nos. 242 and 257. "[T]he filing of an objection to . . . a claim of exemption . . . creates a dispute that is a contested matter. Fed. R. Bankr. P. 9014, Advisory Committee Note. Rule 7001(1) expressly excludes from adversary proceedings "a proceeding to compel the debtor to deliver property to the trustee." Fed. R. Bankr. P. 7001(1). The Advisory Committee Notes make it clear that "[a] trustee may proceed to recover property of the debtor" by motion. Fed. R. Bankr. P. 7001(1), Advisory Committee's Note to 1987 amendment.

Debtor is the undisputable owner of both of the AGI 2013 Policies. The 2013 Turnover Order provides "that the Trustee is vested with all rights of ownership in the policies listed above, including, but not limited to, the right to cash in or cancel the policies and take possession of the cash value accrued on each policy." Dckt. No. 271, at 1. The Trustee is entitled to fulfill



AO 72A
(Rev. 8/82)

his statutory duties by exercising Debtor's contractual rights under the AGI 2013 Policies without filing an adversary. 11 U.S.C. §724 ("The trustee shall collect and reduce to money the property of the estate for which such trustee serves. . . . "). Having consented to the entry of the 2013 Turnover Order, Debtor cannot now complain of the nature of the proceedings. See Andrulonis v. U.S., 26 F.3d 1224, 1235 (2d Cir. 1994)(party cannot be relieved of settlement when consequences are different than expected). Even if the proceeding should have been an adversary "the requirement that a bankruptcy court make this finding in an adversary proceeding derives from the Bankruptcy Rules . . . which are 'procedural rules adopted by the Court for the orderly transaction of its business' that are 'not jurisdictional.'" United Student Aid Funds, Inc. v. Espinosa, 130 S.Ct. 1367, 1378 (2010), citing Kontrick v. Ryan, 540 U.S. 443, 454, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004); See also In re Fisher Island Invs., Inc., 778 F.3d at 1194(parties may consent to matters being considered as contested matter).

While not reaching the merits of the issue of any contractual rights a third party may have under the AGI 2013 Policies in regards to AGI, the terms of the contract between Debtor and the Trustee are clear and Debtor is bound by those terms. Under the terms of the 2013 Turnover Order, Debtor agreed to the turnover and



AO 72A
(Rev. 8/82)

liquidation of these policies and he cannot now complain about the nature of the proceedings or the terms of the order which are binding upon the Debtor and the Trustee. For these reasons, Debtor's Motion to Reconsider and Rescind the 2013 Turnover Order is ORDERED DENIED.

Susan D. Barrett

SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 7th day of March, 2016.



AO 72A
(Rev. 8/82)